## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.   20-80025-CR-DMM

UNITED STATES OF AMERICA

vs.

ROBERT DANIEL SOLOVE

Defendant.

_____/

### PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

(hereinafter referred to as the "defendant") enter into the following agreement:

1.        The defendant agrees to plead guilty to the following counts of the Superseding

Information: Counts 1 and 2, which charge the defendant with production of child pornography in

violation of Title 18, United States Code, Sections 2251(a) & (e); to Counts 3 and 4, which charge

the defendant with distribution of child pornography in violation of Title 18, United States Code,

Sections 2252(a)(2) & (b)(1); and Count 5 which charges the defendant with possession of child

pornography in violation of Title 18, United States Code, Sections 2252(a)(4)(B) & (b)(2).

2.        This is a conditional plea. Pursuant to Federal Rule of Criminal Procedure 11(a)(2),

this office consents to the defendant's entry of a conditional plea of guilty and reservation of his

right to seek appellate review only of the district court's denial of his motion to suppress evidence

(Docket Entry 19). The defendant's motion alleged the warrantless seizure of his Internet Protocol

address (IP address) and sought to suppress all physical evidence seized and his statements as fruit

of the poisonous tree (Docket Entry 15). This office and the defendant agree that an order

suppressing the subject evidence, or an appeal granting such relief, is case dispositive.

3.      This office agrees to seek dismissal of counts 6 – 17 of the Superseding Information, as to this defendant, after sentencing.

4.      The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines").  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines.  The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

5.      The defendant also understands and acknowledges that the Court must impose, as to Counts 1 and 2, a minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of up to thirty (30) years, followed by a term of supervised release of five (5) years up to life, as to each count. The defendant further understands

and acknowledges that the Court must impose, as to Counts 3 and 4, a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years up to life, as to each count.  The defendant further understands and acknowledges that the Court may impose, as to Count 5, a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of five (5) years up to life, as to each count.  These sentences of imprisonment may be run consecutively, for a total sentence of 120 years' imprisonment.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each count, for a total maximum potential fine of $1,250,000.

6.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. Section 3013, a special assessment in the amount of $100 per count will be imposed on the defendant.  The defendant agrees that this special assessment shall be paid at the time of sentencing.  If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7.     The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3014, a special assessment in the amount of $5,000 will be imposed on the defendant if he is not indigent and is pleading guilty, in Counts 1, 2, 3, 4 and 5, to offenses under Chapter 110 (relating to sexual exploitation and other abuse of children).  The defendant agrees that this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal conviction, upon which this special assessment is based.

8.     The defendant understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, pursuant to 18 U.S.C. §§ 2259 and 2259A, the Court shall order the defendant to pay restitution because he is pleading guilty to an offense under Chapter 110. The parties agree that any restitution ordered by the Court under 18 U.S.C. §§ 2259 and 2259A, shall include defendant's total offense conduct.

9.     Pursuant to 18 U.S.C. § 3663A(a)(3), the parties agree that restitution is not limited to Counts 1, 2, 3, 4 and 5, the offenses of conviction in this case. The defendant agrees to pay restitution to Minor Victim 1 and Minor Victim 2, as well as any other victims identifiable prior to the imposition of sentence, even if not listed in the Superseding Information, which represents the full amount of those victims' losses as that term is defined in 18 U.S.C. § 2259(b)(3). The defendant further agrees that restitution is due pursuant 18 U.S.C. § 3663A(c)(1), for offenses and identifiable victims who have suffered a physical injury or pecuniary loss other than those he is pleading guilty to, but nonetheless gave rise to this plea agreement.

10.     The parties further understand and acknowledge that the amount of restitution the defendant will be ordered to pay will be calculated pursuant to 18 U.S.C. §§ 2259 and 2259A. Specifically, the Court will first determine the full amount of each victim's losses that were incurred, or are reasonably projected to be incurred by the victim, as a result of the trafficking of child pornography depicting the victim. The parties understand and acknowledge that, once the full amount of the victim's losses is determined, the Court will then order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. The parties further understand and acknowledge that any individual victim's total aggregate recovery shall not exceed the full amount of that victim's demonstrated losses.

11.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background.   Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

12.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official

13.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in paragraph 4 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

14.     Defendant agrees to forfeit to the United States voluntarily and immediately all of his right, title and interest to the following property which is subject to forfeiture pursuant to Title 18, United States Code, Section 2253:

   a.  one (1) Samsung Galaxy J7 Star Cellular Phone; and

   b.  one (1) Samsung Galaxy S9 Cellular Phone.

The defendant agrees that the above-listed assets represent property used or intended to be used to commit, facilitate, or promote the commission of the offense as alleged in Counts 1 – 6 of the superseding information.

15.     Defendant further agrees to fully cooperate and assist the Government in the forfeiture of the listed property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, the surrender of documents of title, execution of any documents necessary to transfer his interest in the above property to the United States, execution

of a consent to forfeiture or other documents as may be needed to fully accomplish the forfeiture and vest title in the United States. Defendant further knowingly and voluntarily waives the following rights as to property subject to forfeiture: (1) all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding; (2) any judicial or administrative notice of forfeiture and related deadlines; (3) any jeopardy defense or claim of double jeopardy, whether constitutional or statutory; (4) any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the property by the United States; and (5) any right to appeal any order of forfeiture entered by the Court pursuant to this plea agreement. Defendant further understands that the forfeiture of the property shall not be treated as satisfaction or offset against any fine, restitution, cost of imprisonment, or any other penalty this court may impose on the defendant.

16.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, including the dismissal of counts 6 – 17 of the Superseding Information, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be

released from the above waiver of appellate rights.  By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.  The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence imposed in this case was knowing and voluntary.  Notwithstanding this waiver of defendant's right to appeal any sentence imposed, the defendant reserves the right to appeal the order denying his motion to suppress (Docket Entry 19), pursuant to paragraph 2 of this agreement.

17.    Defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout defendant's life.  Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person defendant's sex offender registration information.  Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon defendant's release from confinement following conviction.

18.    As a condition of supervised release, defendant shall register with the state sex offender registration in the state of Florida, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer.  Defendant shall comply with all requirements of federal and

state sex offender registration laws, including the requirement to update defendant's registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

19.   This is the entire agreement and understanding between this Office and the defendant.   There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _____1/28/2021_____       By: _Gregory Schiller_____
                                 GREGORY SCHILLER
                                 ASSISTANT UNITED STATES ATTORNEY

Date: _1/28/21_____            By: _____
                                 SCOTT BERRY
                                 ATTORNEY FOR DEFENDANT

Date: _____          By: _____
                                 ROBERT DANIEL SOLOVE
                                 DEFENDANT